Douglas L. Furth, Esq.
Vincent E. Pellecchia, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, NY 10022
(212) 907-7300
*Counsel for the Omni National Bank, National Association*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re

    Agriprocessors, Inc.,

              Debtor.

Chapter 7
Case No. 08-47472 (CEC)

---

## OBJECTION OF OMNI NATIONAL BANK, NATIONAL ASSOCIATION TO MOTION TO CHANGE VENUE TO THE NORTHERN DISTRICT OF IOWA

Omni National Bank, National Association ("ONB") by and through its undersigned counsel hereby objects to the Motion of First Bank Business Capital, Inc. to change the venue of the above-captioned case to the United States Bankruptcy Court for the Northern District of Iowa. In support thereof, ONB respectfully as follows:

1. ONB is a National Banking Association having its principal place of business in Atlanta, Georgia.

2. ONB has entered into a series of equipment leases (collectively, the "Equipment Leases") and other financing transactions with Agriprocessors, Inc. (the "Debtor") pursuant to which the Debtor is obligated to ONB in the aggregate amount of approximately $3,000,000.

3. For the following reasons, ONB submits that it is in the best interests of creditors that venue of this case remain in the Eastern District of New York.

*442350.1*

a. First, as the Court is aware, the Debtor is a food processor that produces kosher food products. ONB believes that a meaningful return for creditors can only be attained if the Debtor is preserved as a going concern. In order to continue as a going concern, the Debtor will need both interim and exit financing. In the current financial environment, ONB does not believe that it is likely that such financing can be obtained from persons or entities not intimately familiar with the particular needs of a business that produces kosher foods. The relevant lenders and businesspersons who are most likely to both understand the unique issues relating to the Debtor's business and possess the resources to provided financing are located in the New York area. For example, arguably financing will most likely be found only in the Orthodox Jewish community. Simply put, ONB is concerned that prospects for obtaining necessary financing and achieving a successful reorganization that will benefit creditors will be materially undermined if the venue of this case is transferred to the Northern District of Iowa.

b. In addition, New York is a more convenient venue for ONB. As set forth above, ONB is located in Atlanta, Georgia. To the extent necessary, it is relatively easy for representatives of ONB to come to New York City for as little as a day. By contrast, it is significantly more difficult, time consuming and expensive for representatives of ONB to travel to and from Iowa.

c. Finally, ONB notes that New York appears to be the location where the Debtor's principal business decisions are made.

WHEREFORE, ONB respectfully requests that the Court deny the Motion in all respects.

Dated:  New York, New York  
       November 17, 2008

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: /s/ Douglas L. Furth  
    Douglas L. Furth, Esq.  
    Vincent E. Pellecchia, Esq.  
437 Madison Avenue  
New York, New York 10022  
(212) 907-7300

*Attorneys for Omni National Bank, National Association*